# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| KELLY GENE COLLINS, | : | |
| Petitioner, | : | |
| | | CRIMINAL NO. 12-00136-WS |
| vs. | : | |
| | | CIVIL ACTION NO. 17-0048-WS |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | | |

## REPORT AND RECOMMENDATION

Petitioner, Kelly Gene Collins, filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, on January 18, 2017 (Doc. 74, at 11; *see also* Doc. 75 (memorandum in support)). Therein, Petitioner contends that his probation revocation counsel provided constitutionally ineffective assistance of counsel in failing to file an appeal as he requested (Doc. 74, at 4) and, as a result, he is entitled to an out-of-time appeal (*see id.* at 9-11). The government filed a response on March 16, 2017, arguing that Collins's motion was time-barred, *see* 28 U.S.C. § 2255(f)(1), and that Petitioner was not entitled to equitable tolling of the one-year limitations period. (*See* Doc. 77, at 3-4.) Because Collins, in his reply (Doc. 78), argued that his motion to vacate was timely under 28 U.S.C. § 2255(f)(4)[1] (*id.* at 2-3), and the government did not discuss the equitable tolling provision contained in § 2255(f)(4) in its response in opposition (*see* Doc. 77), the undersigned extended to

---
[1] Section 2255(f)(4) allows for the filing of a motion to vacate within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*

the government a period of thirty (30) days "to address Collins's argument that 'the factual predicate of his sole claim was not discovered until January 2017[.]'" (Doc. 79, at 1, quoting Doc. 78, at 3.)

> To this end, if it remains the government's position that petitioner's motion to vacate is untimely—even under § 2255(f)(4)—because he filed the motion more than a year after he knew or should have reasonably known that no appeal had been filed, any due diligence argument made by the government should address Collins's related assertions/allegations that he did not sign the Notice of Non-Appeal and, instead, his attorney, Sid Harrell, initialed this form without his knowledge[.]

(Doc. 79, at 2.)

In response to the Court's March 30, 2017 Order (Doc. 79), the government has filed its concession (Doc. 82).

> [T]he United States has [] determined that it is unable to offer any evidence to contravene Collins's allegations [that he did not sign the Notice of Non-Appeal and, instead, his former attorney signed it on his behalf without his knowledge of the statements contained therein], whether in the form of an affidavit of his former counsel or testimony during a hearing. Thus, the United States concedes that Collins is entitled to the § 2255 relief he seeks here—the filing of an out-of-time appeal.

(*Id.* at 2.) The Magistrate Judge understands the government to be conceding both that Collins's motion to vacate is timely under § 2255(f)(4), *see Long v. United States,* 626 F.3d 1167, 1169 (11th Cir. 2010) ("A § 2255 motion based on counsel's failure to file a requested direct appeal is considered timely under § 2255(f)(4) if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal.") and that the government cannot "counter" with any evidence Collins's allegations that his attorney rendered constitutionally ineffective assistance in failing to appeal his probation revocation

sentence after counsel was requested by Petitioner to file an appeal, *Roe v. Flores-Ortega,* 528 U.S. 470, 479-80, 120 S.Ct. 1029, 1035-36, 145 L.Ed.2d 985 (2000); *see also Thompson v. United States,* 504 F.3d 1203, 1208 (11th Cir. 2007).

In light of the government's concession (Doc. 82), the undersigned **RECOMMENDS**, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), that Kelly Gene Collins's motion to vacate (Doc. 74) be **GRANTED** and that Petitioner be allowed to pursue an out-of-time appeal. In order to restore Petitioner's appellate rights, the undersigned **RECOMMENDS** that this Court follow the procedure outlined in *United States v. Phillips,* 225 F.3d 1198, 1201 (11th Cir. 2000) "by vacating the original sentence, imposing the exact same sentence, and advising [Petitioner] of the rights and time limitations associated with the appeal." *United States v. Parrish,* 427 F.3d 1345, 1348 (11th Cir. 2005) (per curiam) (case involved the appeal of an 8-year sentence, summarily reimposed pursuant to *Phillips,* after the district court revoked Parrish's probation). Collins may be resentenced without the necessity of holding a hearing. *See id.*; *see also United States v. Robinson,* 648 Fed.Appx. 823, 824 (11th Cir. Apr. 19, 2016) ("A defendant does not have a right to a new sentence hearing or a right to be present when resentenced under the *Phillips* procedure.").[2]

---

[2] However, the undersigned does recommend that the Court appoint appellate counsel to represent Collins prior to reimposing sentence. *See Willingham v. United States,* 2016 WL 873233, *7 (S.D. Ga. Feb. 11, 2016), *aff'd,* 2017 WL 393342 (11th Cir. Jan. 30, 2017); *compare id. with Robinson, supra,* 648 Fed.Appx. at 823 (reflecting Robinson was represented by counsel on appeal) and *Parrish, supra,* 427 F.3d at 1346 (reflecting Parrish was represented by counsel on appeal).

## CONCLUSION

The Magistrate Judge recommends that Kelly Gene Collins's motion to vacate (Doc. 74) be **GRANTED** and that Petitioner be allowed to file an out-of-time appeal.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate

Judge is not specific.

    **DONE** this the 4th day of May, 2017.

                                    s/P. BRADLEY MURRAY
                                    **UNITED STATES MAGISTRATE JUDGE**