# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KELLY GENE COLLINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. 17-0048-WS-MU |
| v. ) | |
| ) | CRIMINAL ACTION NO. 12-0136-WS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and no objections having been filed, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B), (Doc. 83), is **adopted** as the opinion of this Court.

A criminal defendant has a constitutional right to counsel at probation revocation hearings. *Howard v. United States*, 374 U.S. 1068, 1077 (11th Cir. 2004). "[T]he failure to file an appeal that the defendant wanted filed denies the defendant his constitutional right to counsel at a critical stage." *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005) (explaining *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)). "In such cases, prejudice is presumed ...." *Id*. The record establishes these elements, and the government concedes that the petitioner's motion is timely. (Doc. 83 at 2). Accordingly, the petitioner's constitutional right to counsel for purposes of direct appeal was violated, and the petitioner is entitled to relief through the vehicle of a motion to vacate. For the reasons set forth above and in the Report and Recommendation, the petitioner's motion to vacate is **granted**.

In compliance with *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), the criminal judgment imposed on November 17, 2015 and entered on November 24, 2015, (Doc. 69), is **vacated**. Judgment shall be re-entered by separate order in the criminal case for the sole purpose of allowing the petitioner to pursue his otherwise

untimely appeal.[1] The petitioner is advised that he must file any notice of appeal from the re-entered judgment within the fourteen-day period provided by Federal Rule of Appellate Procedure 4(b)(1)(A)(i). The petitioner is also advised that he has the right to appeal and that, if he cannot afford a lawyer, one will be appointed for him. Pursuant to 18 U.S.C. § 3006A, Robert A. Ratliff is appointed as counsel for the petitioner for purposes of pursuing the petitioner's direct appeal.[2]

DONE and ORDERED this 5th day of July, 2017.

>	s/ WILLIAM H. STEELE
>	UNITED STATES DISTRICT JUDGE

---

[1] No re-sentencing hearing is required, *United States v. Parrish*, 427 F.3d 1345, 1348 (11th Cir. 2005), and none will be held.

[2] The petitioner's "successful motion to file an out-of-time notice of appeal is not to be counted as a first petition for the purposes of subsequent collateral proceedings." *McIver v. Untied States*, 307 F.3d 1327, 1329 (11th Cir. 2002).