**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 12-0136-WS** |
| | ) | |
| **KELLY GENE COLLINS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

The defendant has filed a motion for release pending appeal. (Doc. 99). Such a motion may not be granted unless the Court finds, *inter alia*, "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" (as applicable to this case) reversal, a sentence that does not include a term of imprisonment, or a term of imprisonment less than the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1)(B).

The defendant pleaded guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(9). (Doc. 27). The presentence report calculated the guidelines range as 78 to 97 months. (Doc. 32 at 14). At sentencing in November 2013, the Court concluded the defendant should receive a three-level reduction for acceptance of responsibility, resulting in an amended guideline range of 57 to 71 months. (Doc. 56 at 1; Doc. 97 at 5). The Court imposed a below-guideline sentence of five years probation, (Doc. 55 at 2), based on its evaluation of the Section 3553(a)(1) factors. (Doc. 56 at 4). Based on the defendant's criminal history, history of violence and other factors, the Court would have imposed a custody sentence but, in light of his military history, the Court determined that a sentence of probation was appropriate. (Doc. 81 at 14-15; Doc. 97 at 12-14).

The presentence report reflected the defendant's representation that he enlisted in the Marine Corps in 1999, participated in helicopter school, and was honorably

discharged as an E-7 in 2010. (Doc. 32 at 13). At sentencing, it was clarified that E-7 corresponds with gunnery sergeant. (Doc. 97 at 5-6). The Court then invited the defendant to tell the Court about his military career. The defendant testified under oath that he served as a flight line technician with Marine One, that he then served in Iraq and Afghanistan as a CH-53 door gunner, that he received two Purple Hearts, a Bronze Star and a Silver Star, and that he was shot down over Iraq and was the sole survivor. (*Id*. at 2, 10-11).

In August 2015, the probation office filed a petition recommending that the defendant's probation be revoked based on his violation of the standard condition that he not commit another federal, state or local crime, *viz*., battery (domestic violence). (Doc. 58). In connection with this proceeding, the Court was made aware of the defendant's actual military history. (Doc. 81 at 11-15; Doc. 101). That history reveals at least the following misrepresentations made by the defendant to the probation office and the Court at his original sentencing:

- The defendant did not serve in the Marines but in the Navy;

- The defendant did not enlist in 1999 but in 2002;

- The defendant did not leave the service in 2010 but in 2004;

- The defendant was not honorably discharged but was discharged under other than honorable conditions based on misconduct;

- The defendant was not discharged as an E-7 but as an E-1;

- The defendant did not attend helicopter school, did not serve with Marine One, and did not serve as a door gunner;

- The defendant did not serve in Iraq or Afghanistan;

- The defendant was not shot down over Iraq or anywhere else;

- The defendant did not receive a Bronze Star, a Silver Star or a Purple Heart.

(*Id*. at 3, 22-25, 27).  The defendant admits lying to the Court regarding his military service.  (Doc. 70 at 1).  Through counsel, the defendant makes no denial of the content of his military records.  (Doc. 81 at 13).

As noted, the original guideline range was 57 to 71 months with acceptance of responsibility.  Given the defendant's perjury at his original sentencing, on revocation of probation he could appropriately have been denied acceptance of responsibility and assessed with obstruction of justice, resulting in a much higher guideline range.  The Court, however, elected to follow the government's magnanimous suggestion that the defendant receive only the low end of the original guideline range, and he was sentenced to 57 months imprisonment.  (Doc. 69 at 2; Doc. 81 at 15-16).

As noted, to succeed on the instant motion the defendant must identify one or more questions of law or fact that are likely on appeal to result in either a reversal of the revocation or a sentence including no incarceration or incarceration for a shorter period than the defendant will have served by the conclusion of the appeal process.  18 U.S.C. § 3143(b)(1)(B).  The defendant identifies the following arguments:  (1) his sentence is "illegal" because the statutory maximum sentence is 24 months; and (2) his sentence is unreasonable given his criminal history and the dearth of evidence supporting revocation.  (Doc. 99 at 5).  None of these arguments suggest any likelihood of a different result on appeal.

As to illegality, the defendant points to Section 3583.  That section addresses only the length of supervised release following imprisonment; it has nothing to do with the length of imprisonment.  As to criminal history, the defendant's four points gave him a criminal history category of III.  (Doc. 32 at 10).  As to evidence supporting revocation, the defendant waived a final revocation hearing and expressly admitted the violations set forth in the probation office's petition.  (Doc. 67).[1]

---

[1] Without identifying it as an additional ground for relief, the defendant suggests he had no reason to object to the pre-sentence report before initial sentencing because he received probation.  (Doc. 99 at 5).  The government, however, had agreed only to recommend a low-end guideline sentence, (Doc. 25 at 5), which the pre-sentence report pegged at 78 months.  (Doc. 32

Because the defendant admitted violating the terms of his probation, the Court was authorized to revoke probation and sentence the defendant under subchapter A of Title 18. 18 U.S.C. § 3565(a)(2). Indeed, the Court was "authorized to resentence [the] defendant without being restricted to the guideline range applicable at the time of the initial sentencing hearing …." *United States v. Cook*, 291 F.3d 1297, 1300 (11th Cir. 2002); *accord United States v. Goffi*, 446 F.3d 319, 323 (11th Cir. 2006). For the reasons discussed herein and at re-sentencing, the defendant's 57-month sentence was more than reasonable.

For the reasons set forth above, the defendant's motion for release pending appeal is **denied**.

DONE and ORDERED this 16th day of January, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

at 14). The defendant had every incentive to challenge the pre-sentence report in any particular prior to his initial sentencing. Even today, the defendant is unable to identify any challenge he could have made but did not.

With a similar failure to identify the point as one favoring relief, the defendant asserts he had "no opportunity to present objections to the revocation sentencing." (Doc. 99 at 4). This is incorrect. At the hearing, the defendant was given the opportunity to recant his admission to the violations set forth in the petition, but he instead affirmed his admission. (Doc. 81 at 6-7). Counsel then spoke about the defendant's acquittal of the state charge but conceded both that the government could prove a prima facie case of battery, domestic violence and that the Court could revoke the defendant despite the acquittal. (*Id*. at 7-8). Counsel then argued at length in favor of maintaining the probation sentence, as did the defendant. (*Id*. at 8-11). After the government pointed out the disparity between the defendant's actual military history and that to which he had testified, defense counsel conceded the defendant had no good answer. (*Id*. at 13).